UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Misc. Business Docket |
| | * | No. 1:25-mc-91413-IT |
| ALEJANDRO DAVID REYES AGUILAR, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

October 22, 2025

TALWANI, D.J.

Pending before the court is the government's Objection to Magistrate Order [Doc. No. 1]. In his case before the Magistrate Judge, Alejandro David Reyes Aguilar sought to recover property taken from him during an arrest. The government's motion seeks to vacate the last of several orders issued by the Magistrate Judge and "objects to any further proceedings before the magistrate judge in this case." Obj. 1 [Doc. No. 1]. For the reasons set forth below, the government's Objection [Doc. No. 1] is GRANTED in part and DENIED in part.

I.   **Background**

On June 4, 2025, Reyes was arrested and charged in a criminal complaint. See Compl., USA v. Reyes Aguilar, 1:25-mj-07268-JCB ("1:25-mj-07268-JCB"), Dkt. No. 2 (June 04, 2025). At Reyes's initial appearance, the government moved for detention. The Magistrate Judge set a Detention and Preliminary Hearing for the next day and remanded Reyes to the custody of the United States Marshals Service. Elec. Clerk's Notes for Proceeding, 1:25-mj-07268-JCB, Dkt. No. 4 (June 04, 2025). Prior to the Detention Hearing, the government filed a Motion to Dismiss

the charges against Reyes, which the Magistrate Judge granted. Elec. Clerk's Notes for Proceeding, 1:25-mj-07268-JCB, Dkt. No. 9 (June 05, 2025).

On June 17, 2025, Reyes filed a Motion for Return of Property under Federal Rule of Criminal Procedure 41. See Mot. for Return of Property 1, 1:25-mj-07268-JCB, Dkt. No. 11 (June 17, 2025). The Motion reported that "the government has assented to this request to return [Reyes's] personal property," but that "law enforcement agents in possession of [Reyes's] property since his arrest on June 4 have thus far not returned these items or otherwise made them available, despite multiple requests by defense counsel through counsel for the government." Id. at 1. The Magistrate Judge granted the Motion the same day and ordered "[t]he law enforcement agent(s)/agency in possession of the defendant's property [to] return it to the Federal Defender Office in Boston by 5:00 p.m. on Friday, June 20, 2025." Elec. Order, 1:25-mj-07268-JCB, Dkt. No. 12 (June 17, 2025). The government did not object, seek reconsideration, or appeal the order.

On June 24, Reyes filed a Motion for Show Cause Hearing asserting that his property was not returned by the Magistrate Judge's deadline. Mot. for Hr'g 1, 1:25-mj-07268-JCB, Dkt. No. 14 (June 24, 2025). The following day, the Magistrate Judge set an evidentiary hearing to determine, inter alia, "where the property is located, why it has not been returned as ordered by this Court, and whether any sanctions should be imposed." Order 3, 1:25-mj-07268-JCB, Dkt. No. 15 (June 25, 2025). The Magistrate Judge also ordered the government to "file a response and also produce to defense counsel and this Court all reports and documents about the arrest and interactions with Reyes, about the seizure or taking of property from Reyes and its subsequent possession by the government, and all regulations and procedures regarding the inventory and

handling of personal property seized or taken during an arrest for the agencies involved in the arrest." Id. at 3.

The government filed a Response and Partial Motion to Reconsider Court Order, in which the government stated that it "did not oppose that motion because it did not oppose the return of any personal property of Reyes that might have been in the government's custody" and that Reyes's property had been lost. Resp. 1-2, 1:25-mj-07268-JCB, Dkt. No. 17 (July 02, 2025). The Magistrate Judge denied the government's Motion to Reconsider, finding "the declarations do not answer all of this Court's questions and in fact raise additional questions." Elec. Order, 1:25-mj-07268-JCB, Dkt. No. 18 (July 03, 2025). The Magistrate Judge reiterated the material the government was to produce, cancelled the evidentiary hearing previously set, and scheduled a hearing with counsel only where she would discuss, inter alia, the scheduling of a future evidentiary hearing with counsel. Id.

On July 8, 2025, the government sought a protective order as to the documents to be turned over to Reyes and his counsel pursuant to the Magistrate Judge's order, which the Magistrate Judge granted with modifications the same day. Protective Order, 1:25-mj-07268-JCB, Dkt. No. 26 (July 10, 2025).

Following the hearing with counsel, the Magistrate Judge rescheduled the evidentiary hearing for August 14, 2025. Id. at ¶ 4.

On July 18, 2025, Reyes moved to vacate the Protective Order on the ground that the government failed to make an adequate particularized showing of "good cause" to justify the need for a protective order under Federal Rule of Criminal Procedure 16(d). Mot. to Vacate Protective Order, 1:25-mj-07268-JCB, Dkt. No. 30 (July 18, 2025). The government opposed the motion. Opp'n to Mot. to Vacate Protective Order, 1:25-mj-07268-JCB, Dkt. No. 33 (July 23,

2025). On July 30, the Magistrate Judge granted Reyes's motion in part, finding that "entry of a protective order requires a showing of good cause[,]" Order on Def.'s Mot. to Vacate Protective Order 3, 1:25-mj-07268-JCB, Dkt. No. 35 (July 30, 2025), and that the government had not made such a showing, id. The Magistrate Judge directed the parties to confer and file a revised limited protective order if necessary. Id. at 4.

One week later, the government moved to cancel the evidentiary hearing as unnecessary because "the FBI has made and Mr. Reyes has accepted an offer to compensate Mr. Reyes for the value of the property." Mot. to Cancel 1, 1:25-mj-07268-JCB, Dkt.. No. 36 (Aug. 07, 2025). Reyes opposed the motion, and on August 11, 2025, the Magistrate Judge denied the Motion. Elec. Order, 1:25-mj-07268-JCB, Dkt. No. 38 (Aug. 11, 2025). The same day, the government moved to continue the evidentiary hearing because of counsel's trial schedule and because the government intended to object to the Magistrate Judge's Order on Defendant's Motion to Vacate Protective Order and her Order denying the government's Motion to Cancel Evidentiary Hearing pursuant to Fed. R. Crim. P. 59(a) and Rule 2(b) and (c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. See Mot. for Stay 1–2, 1:25-mj-07268-JCB, Dkt. No. 40 (Aug. 11, 2025). At a hearing on the stay motion, the Magistrate Judge cancelled the scheduled evidentiary hearing based on counsel's unavailability, advised the parties that she would issue a supplement to the August 11, 2025 order and that she would set a new date for the evidentiary hearing if the government did not file timely objections, and denied the request for stay as moot. Elec. Clerk's Notes for Proceeding, 1:25-mj-07268-JCB, Dkt. No. 42 (Aug. 12, 2025).

In an August 20, 2025 Order, 1:25-mj-07268-JCB, Dkt. No. 45 (Aug. 20, 2025), the Magistrate Judge supplemented the August 11, 2025 order, recounting the procedural history and

4

explaining the purpose and authority for the hearing both as to the missing property and as to whether to impose sanctions for the failure to comply with the order to return the property.

On September 3, 2025, the government filed the pending Objection, 1:25-mj-07268-JCB, Dkt. No. 47 (Sept. 03, 2025). The government's objection was transferred to the Miscellaneous Business docket. See Obj. [Doc. No. 1].

## II.   Discussion

The government objects to the Magistrate Judge's denial of its Motion to Cancel Hearing on the bases that (1) the Magistrate Judge lacks jurisdiction to adjudicate a Rule 41 motion for return of property and any ancillary proceedings, (2) the Rule 41 motion may be properly adjudicated on the present record without an evidentiary hearing, and (3) the Magistrate Judge need not hold a hearing to determine sanctions because sanctions are unwarranted. Obj. 8 [Doc. No. 1]. The government has clarified that its objection to the continued proceedings before the Magistrate Judge "[included] those related to the adjustment of the previously-issued protective order." Resp. to Court Order [Doc. No. 7]. Reyes responds that the government has forfeited its jurisdictional argument by failing to first raise it with the Magistrate Judge, that Magistrate Judges have jurisdiction to adjudicate motions for return of property, and that it was reasonable for the Magistrate Judge to conclude that an evidentiary hearing is needed to determine what happened to the lost property. Resp. 1, 3, 5 [Doc. No. 8].

A.   *Legal Framework*

1.   Federal Rule of Criminal Procedure 41(g)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court

5

>must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

When first adopted in 1944, the rule concerned only property seized in an unlawful search, and the advisory committee noted at that time that while it previously "was a common practice in some districts for commissioners to hear such motions, the prevailing practice at the present time is to make such motions before the district court. This practice, which is deemed to be preferable, is embodied in the rule." Fed. R. Crim. P. 41 advisory committee's notes to 1944 adoption.

In 1989, Rule 41(g), previously codified as Rule 41(e), was amended to allow "a person whose property has been lawfully seized [to] seek return of property when aggrieved by the government's continued possession of it." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment. The amendment also substituted the word "court" for the word "judge" "to clarify that a magistrate [judge] may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge." Id.

"When a Rule 41(g) motion is filed after the criminal proceedings have ended, . . . the motion is treated as a civil proceeding for equitable relief.'" Perez-Colon v. Camacho, 206 Fed. App'x 1, 2 (1st Cir. 2006).

      2.      The Federal Magistrates Act

The Federal Magistrates Act, enacted in 1968, abolished the office of United States commissioner, and established the office of United States Magistrates. Pub. L. 90-578 (Oct. 17, 1968). As amended, it confers jurisdiction to Magistrate Judges over (1) all matters involving "powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts," 28 U.S.C. § 636(a)(1), (2)

matters referred to the Magistrate Judge by a district court, id. § 636(b)(1), and (3) matters in which the parties have consented to a Magistrate Judge's jurisdiction, id. § 636(c)(1).[1]

    B. *Waiver or Consent*

The court starts with Reyes's argument that the government forfeited or waived its arguments by not objecting to the proceedings before the Magistrate Judge sooner. Resp. to Gov.'s Obj. to Magistrate Order 1–2 [Doc. No. 8] (citations omitted).

Reyes argues that a challenge to the Magistrate Judge's jurisdiction is waivable. Id.. The cases Reyes cites, however, all involve matters referred to a magistrate judge by a district judge for a report and recommendation. Guzman-Ruiz v. Hernandez-Colon, 406 F.3d 31, 34 (1st Cir. 2005); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); see Clark v. Poulton, 963 F.2d 1361, 1366 (10th Cir. 1992); Kris v. Behav. Health Servs., 2025 WL 1540850, at *1 (D. Mass. May 30, 2025).

Reyes points to no authority addressing a waiver of a challenge to a magistrate judge's statutory authority to rule on a Rule 41 motion prior to a referral or assignment by a district judge. As a practical matter, a rule that proceeding before a magistrate judge prior to referral or assignment by a district judge waives a challenge to the magistrate judge's authority would impede the valuable role magistrate judges provide to the court in resolving non-dispositive or

---

[1] The Act provides further that "a magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States" and that each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties. Id. § 636(b)(3), (4). Under the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, a magistrate judge, inter alia, may hear and determine non-dispositive pre-trial matters (Rule 2), may conduct evidentiary hearings and submit to a district judge proposed findings of facts and recommendations for the disposition of referred applications for post-trial relief and dispositive pre-trial motions, including motions to suppress evidence in a criminal case and "[s]uch other pretrial matters as are dispositive of a claim or a defense" (Rule 3).

uncontested matters. And while the government litigated Reyes's <u>Motion</u> extensively before the Magistrate Judge prior to filing its <u>Objection</u> [Doc. No. 1] and even filed its own <u>Motion for a Protective Order</u>, 1:25-mj-07268-JCB, Dkt. No. 23 (July 08, 2025), such action was not inconsistent with the eventual reassignment of the matter to a district judge for a final judgment.

The court finds the more appropriate framework is whether the government's litigation before the Magistrate Judge amounted to an implied consent to her primary jurisdiction. Implied consent is permissible only where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared . . . before the Magistrate Judge." <u>Roell v. Withrow</u>, 538 U.S. 580, 590 (2003). Here, the government's participation in proceedings before the Magistrate Judge is insufficient to establish primary jurisdiction via implied consent where there is no indication that the parties were expressly "made aware of the need for consent and their right to refuse it[.]" <u>PB Legacy, Inc v. Am. Mariculture, Inc.</u>, 104 F.4th 1258, 1265 (11th Cir. 2024).

    C. *The Magistrate Judge's Primary Jurisdiction to Adjudicate a Rule 41 Motion for Return of Property and Any Ancillary Proceedings*

Case law is split on whether Rule 41 accords a magistrate judge primary jurisdiction over a motion for the return of property. <u>Matter of Search of 4330 N. 35th St., Milwaukee, Wis.</u>, 142 F.R.D. 161, 166 (E.D. Wis. 1992), concludes that a magistrate judge has the authority to resolve the dispute, explaining that "[i]f, under Rule 41[(g)], the magistrate judge was limited to taking evidence only for consideration by a district judge, there would be no distinction between a finding and a proposed finding, and the use of both would be superfluous." <u>In re Search of Scranton Housing Authority</u>, 487 F.Supp.2d 530, 534 (M.D. Pa. 2007) finds to the contrary that a magistrate judge's jurisdiction is limited by the Federal Magistrate Judges Act, 28 U.S.C. § 631, et seq., and because United States commissioners did not have the powers and duties to consider

return of property motions under Rule 41, a magistrate judge has jurisdiction to hear such a motion only through referral by a district judge or consent of the parties. See also United States v. Douleh, 220 F.R.D. 391, 394 (W.D.N.Y 2003) (finding that 1989 amendment to Rule 41 conferred upon magistrate judges authority to hear motions for return of property consistent with 28 U.S.C. § 636). The Seventh Circuit, in turn, has noted "the oddity, and probably the irregularity," of a magistrate judge denying a Rule 41(g) motion rather than recommending that the district judge deny it. Stuart v. Rech, 603 F.3d 409, 411 (7th Cir. 2010). The court in King v. U.S. Drug Enf't Agency, 2011 WL 3652257, at *3 (N.D.N.Y. Aug. 18, 2011) discussed the differences of opinion as to whether magistrate judges possess primary jurisdiction over motions for return of property under Rule 41, and concluded that "with an abundance of caution," it would proceed by report and recommendation, rather than final order. Had the government raised the issue directly with the Magistrate Judge here, the Magistrate Judge could have similarly considered whether to proceed by report and recommendation in the first instance.

      This court has found First Circuit case law affirming a district court decision adopting a magistrate judge's report and recommendation denying a Rule 41 return of property motion, see U.S. v. Torres Gonzalez, 240 F.3d 14, 15 (1st Cir. 2001), but no decision addressing a magistrate judge's primary jurisdiction to grant or deny such a motion. Where the government has now raised the jurisdictional issue, the court finds it appropriate to assert primary jurisdiction over Reyes's Motion and directs the clerk to merge the Magistrate Judge docket, from the Motion for Return of Property, 1:25-mj-07268-JCB, Dkt. No. 11 (June 17, 2025) forward, with this Miscellaneous Business docket.

D.  *Necessity of Further Proceedings*

The government objects to further proceedings regarding Reyes's motion, arguing that "[t]here is nothing left to do" now that it has reimbursed Reyes for the property that the government lost. Obj. 2 [Doc. No. 1]. But a Rule 41 motion is not a motion for damages. Instead, a Rule 41 motion seeks specific performance—namely return of the property—and is thus a motion for equitable relief. See Perez-Colon v. Camacho, 206 Fed. App'x 1, 2 (1st Cir. 2006). And in adjudicating the motion, the court "must determine what happened to property requested under Rule 41(g) but not returned. If it concludes that the government's actions were not proper, it must determine what remedies are available." United States v. Cardona-Sandoval, 518 F.3d 13, 17 (1st Cir. 2008) (discussing Peloro v. United States, 488 F.3d 163, 177 (3d Cir. 2007); see also United States v. Chambers, 192 F.3d 374, 378 (3d Cir. 1999) ("If . . . [the court] finds that the government no longer possesses the property, the District Court must determine what happened to the property"). Accordingly, reimbursement for the lost property does not moot the motion.

The government also objects to an evidentiary hearing on the ground that Reyes's Motion can be adjudicated on the present record; at the same time, the government concedes that the declarations filed thus far "do not answer the ultimate question: Where is the missing property?" Obj. 10, 12 [Doc. No. 1]. Where that question remains unanswered, an evidentiary hearing "may prove beneficial in a number of ways":

> It might assist in the recovery of property by triggering an investigation that results in the discovery or recovery of property the government initially thought to be lost or destroyed. It also provides an incentive for the government to retain accurate records of seized property, consistent with its regulatory obligations, as record-keeping renders the burden of an evidentiary inquiry minimal. And, if the property cannot be located, an evidentiary hearing can determine what, in fact, happened to the property.

Cardona-Sandoval, 518 F.3d at 17.

In sum, further proceedings are warranted and have not been mooted by reimbursement for the lost property.

### E. *Referral of Reyes's Motion for Return of Property to the Magistrate Judge*

The government objects to further proceedings before the Magistrate Judge. As noted above, the 1989 amendment to Rule 41(g) allows a magistrate judge to conduct an evidentiary hearing on a motion for return of property. While the court has asserted primary jurisdiction over Reyes' Motion for Return of Property, under 28 U.S.C.§ 636(b)(1), the court may designate a magistrate judge "to hear and determine . . . pretrial matter[s]" except those specifically listed in subsection (A), subject to reconsideration by the district judge on a clearly erroneous standard of review, and "to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement)[.]" 28 U.S.C. § 636(b)(1)(A)–(B). Because a motion for return of property under Rule 41 is closely related to a motion to suppress under the same rule, and because the present motion is for post-dismissal relief, the court finds referral for a report and recommendation under § 636(b)(1)(B) appropriate.

### III. Conclusion

For the foregoing reasons, the government's Objection [Doc. No. 1] is GRANTED insofar as this court asserts primary jurisdiction over Reyes's Motion for Return of Property, 1:25-mj-07268-JCB, Dkt. No. 11 (June 17, 2025), and directs the clerk to transfer it (and the subsequent filings on the Magistrate Judge docket) to this miscellaneous business docket. The Objection [Doc. No. 1] is DENIED as to the government's arguments that Reyes's Motion, 1:25-

mj-07268-JCB, Dkt. No. 11 (June 17, 2025) is moot, that no evidentiary hearing should be held, and that Reyes's Motion should not be before the Magistrate Judge at all. The Motion for Return of Property, 1:25-mj-07268-JCB, Dkt. No. 11 (June 17, 2025), is referred to the previously assigned Magistrate Judge for a Report and Recommendation following an evidentiary hearing.

    IT IS SO ORDERED.

October 22, 2025                          /s/ Indira Talwani
                                            United States District Judge